# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**21ST CENTURY ORCHIDS, LLC and**
**OHANA NURSERIES, LLC,**

        **Plaintiffs,**

**v.**                                                    **Case No: 6:21-cv-849-GAP-LRH**

**PAKGLOBAL, LLC,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration *sua sponte*. For the reasons discussed herein, the undersigned respectfully recommends that the Court remand this matter to the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida.

Plaintiffs 21st Century Orchids, LLC and Ohana Nurseries, LLC instituted this case against Defendant Pakglobal, LLC in state court. Doc. No. 1-1. On May 17, 2021, Defendant removed the matter to this Court, alleging that the Court has subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332(a). Doc. No. 1. However, upon review of the Notice of Removal and the state court complaint, it was unclear whether the Court has subject matter jurisdiction in this case. Specifically, because all of the parties in this case are limited liability companies, and Defendant had not identified each of the parties' members and each member's citizenship, there was insufficient information for the Court to determine that the parties are completely diverse. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (for diversity jurisdiction purposes, an unincorporated business entity, such as a partnership or

limited liability company, is a citizen of every state in which each of its individual members are citizens).

Accordingly, the undersigned issued an Order to Show Cause directing Defendant to show cause in writing on or before May 31, 2021 why the case should not be remanded to state court for lack of subject matter jurisdiction. Doc. No. 4. The undersigned further ordered that said response must be supported by evidence establishing the citizenship of each of the parties to this case. *Id.* at 2–3.

On May 26, 2021, Defendant filed a timely response to the Order to Show Cause. Doc. No. 6. Defendant asserted that based on the evidence submitted in support, it had demonstrated that the Court has subject matter jurisdiction based on the diversity of citizenship of the parties. *Id.* at 6. However, upon review of Defendant's response and the documentation submitted in support, the undersigned found Defendant's response insufficient. Doc. No. 7. Specifically, while Defendant had properly established its own citizenship,[1] Defendant had not submitted sufficient evidence of citizenship as to either of the Plaintiffs. *Id.*

Consequently, the undersigned issued a second Order to Show Cause, directing Defendant to show cause in writing, on or before June 16, 2021, why the case should not be remanded for lack of subject matter jurisdiction. *Id.* at 4. The undersigned again ordered that Defendant must support such response by evidence establishing the citizenship of each of the parties to this case. *Id.* at 5. The undersigned further cautioned Defendant that failure to submit evidence sufficient to establish diversity jurisdiction over the parties in this case would result in a recommendation that

---

[1] Defendant submitted a sworn affidavit by Christopher Larry Galloway stating that based on his personal knowledge, Pakglobal, LLC is owned by Phillip Jeffery Galloway and Christopher Larry Galloway, and that the company has no other members. Doc. No. 6, at 29–30. Galloway further averred that both Phillip Jeffery Galloway and Christopher Larry Galloway are citizens of the state of Georgia. *Id.*

the case be remanded without further notice. *Id.*

On June 4, 2021, Defendant filed a timely response to the second Order to Show Cause, titled "Defendant's Response to Order to Show Cause and Notice of Non-Objection to Remand to State Court." Doc. No. 8. In the response, Defendant states that "[t]he parties have amicably resolved this matter and there is no objection by the Defendant or the Plaintiffs to the matter being remanded to State Court with each party to bear its own fees and costs." *Id.* at 1.

Based on the foregoing, given that the parties agree to remand of this matter, and because Defendant has not demonstrated that the Court has diversity jurisdiction in this case, the undersigned respectfully **RECOMMENDS** that the Court **REMAND** this matter to the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida; **DIRECT** the Clerk of Court to mail a certified copy of the Court's Order remanding the matter to the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida; and thereafter to **CLOSE** the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 8, 2021.

*Leslie R. Hoffman*
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record